[No. 2093.]

## GEORGE F. POOLE *v.* THE STATE.

EXTORTION.—INDICTMENT in this case charges in effect that the defendant, while county attorney of Newton county, received a fee to dismiss a certain prosecution pending in the justice's court, which fee was paid by the party accused. If the indictment attempts to charge the offense under Article 352 of the Penal Code, it is defective in that it fails to charge the acceptance of a fee in excess of that allowed by law. If it attempts to charge the offense under the act of February, 1883, it is defective in that it does not charge directly that the defendant received a fee when he was entitled to none for the service.

APPEAL from the District Court of Newton. Tried below before the Hon. W. H. Ford.

The conviction in this case was for extortion, and the penalty imposed was a fine of twenty-five dollars.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. This case was a conviction for extortion. From the indictment it is doubtful whether it was drawn under Article 352 of the Penal Code or under the act of February, 1883. If it was meant to charge the offense under Article 352, it was defective in not charging that appellant received higher fees than are allowed by law. If it was intended to charge a violation of the act of 1883, it was equally defective, in that it does not allege that he received fees when by law he was entitled to none for the service performed.

From the statement of facts it appears that appellant held the office of county attorney for Newton county, and that a prosecution was pending before the justice of the peace of precinct No. 1 against one Louis Starke, for the offense of threats to kill. It was in evidence that W. H. Starke paid appellant five dollars to dismiss said prosecution ; that the amount was received by him as a fee, and that he thereupon dismissed the case. The indictment formally charges these facts, except there is no added allegation that appellant received the money as fees, when he was entitled to none for such services. This is necessary to the indictment's sufficiency. (Willson's Crim. Forms, No. 156, p. 85.)

The judgment is reversed, and the prosecution under this indictment dismissed.

*Reversed and dismissed.*